United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

**No. 06-41381
Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JOSE FRANCISCO FLORES, also known as Elisio Almasan-Tirado,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Southern District of Texas
(1:06-CR-293)**

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose Francisco Flores, having pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326, challenges his sentence on two bases.

He first challenges its reasonableness, pursuant to *United States v. Booker*, 543 U.S. 220 (2005) (requiring, *inter alia*, "reasonableness" review of post-*Booker* sentences, to be guided by the factors stated in 18 U.S.C. § 3553(a)). The district court's having granted Flores' objection to the use of a prior conviction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in determining his criminal history score, his advisory Guidelines range was 70-87 months. The imposed 72-month sentence was at the low end of this range.

Because the sentence was within the properly-calculated Guideline range (Flores does *not* maintain otherwise), it is presumed reasonable. *E.g.*, **United States v. Alonzo**, 435 F.3d 551, 554 (5th Cir. 2006). Notwithstanding his claim that the district court failed to properly consider the sentencing factors under 18 U.S.C. § 3553(a), such a sentence is afforded "great deference", and we infer the sentencing court "has considered all the [§ 3553(a)] factors for a fair sentence". **United States v. Mares**, 402 F.3d 511, 519-20 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). Flores has failed to rebut his sentence's presumed reasonableness. *See* **Alonzo**, 435 F.3d 554-55. Indeed, even though Flores contends this presumption of reasonableness violates **Booker**, he properly concedes this contention is foreclosed; he raises the presumption issue only to preserve its further review.

Flores also challenges, in the light of **Apprendi v. New Jersey**, 530 U.S. 466 (2000), 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated-felony convictions as sentencing factors, rather than elements of the offense. As he concedes, this challenge is foreclosed by **Almendarez-Torres v. United States**, 523 U.S. 224, 235 (1998). *See*, *e.g.*, **United States v. Garza-Lopez**, 410

F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Nonetheless, he raises it here to preserve it for further review.

**AFFIRMED**